IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, Plaintiff, v. PATRICK MERRILL BRODY, Defendant. | **MEMORANDUM DECISION AND ORDER** Case No. 2:08-cr-410 CW Judge Clark Waddoups |
|---|---|

Now before the court are Defendant Patrick Merrill Brody's second motion for an "indicative ruling" (Dkt. No. 356), second motion for release pending appeal (Dkt. No. 361), and motion to expedite briefing of the second motion for release pending appeal (Dkt. No. 363).

Mr. Brody's second motion for an "indicative ruling" is DENIED. As stated in this court's order denying his first motion for an indicative ruling (Dkt. No. 352), "[t]here is no doubt as to the finality of the denials and the judgment against Mr. Brody."

Mr. Brody's second motion for release pending appeal is also DENIED. 18 U.S.C. § 3143(b) sets forth the standard under which Mr. Brody may be eligible for release pending appeal. Section 3143(b) requires Brody to prove that he is not a flight risk or a danger to the community *and* that his appeal raises a substantial question that if resolved in his favor will result in reversal, a new trial, or a reduced sentence. 18 U.S.C. § 3143(b). The Tenth Circuit has held that a "substantial" question under section 3143(b) is "a 'close' question or one that very well could be

1

decided the other way." *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985) (en banc).

Mr. Brody has failed to identify any substantial questions that might lead to a reversal, a new trial, or a reduced sentence. Instead he merely makes reference to alleged factual disputes relating to the merits of his appeal without even clearly identifying the issues upon which his appeal is based. Furthermore, Mr. Brody has made no argument to support the conclusion that these factual disputes would result in a reversal, a new trial, or a reduced sentence were they to be decided in his favor. Mr. Brody has failed to address the relevant factors set forth in section 3143(b), and therefore this court must deny his motion for release.

For the reasons stated above, the court DENIES Defendant's second motion for an indicative ruling and DENIES Defendant's second motion for release pending appeal. Mr Brody's motion to expedite briefing (Dkt. No. 363) is DENIED as MOOT.

DATED this 12th day of March, 2012.

BY THE COURT:

Clark Waddoups
United States District Judge